IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| JAN DAY PLOWDEN, ) | |
| ) | No. 1:12-cv-2588-DCN |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| CAROLYN W. COLVIN, *Acting* ) | |
| *Commissioner of Social Security*,[1] ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on Magistrate Judge Shiva V. Hodges's Report and Recommendation ("R&R") that this court affirm Acting Commissioner of Social Security Carolyn Colvin's decision denying plaintiff's application for disability insurance benefits ("DIB"). Plaintiff filed objections to the R&R. For the reasons set forth below, the court adopts the R&R and affirms the Commissioner's decision.

## I. BACKGROUND

### A. Procedural History

Plaintiff Jan Day Plowden filed an application for DIB on July 28, 2009, alleging disability beginning August 30, 2009.[2] Tr. 98-103. The Social Security Administration ("SSA") denied Plowden's claim initially and on reconsideration. Tr. 47-48. Plowden requested a hearing before an administrative law judge ("ALJ"), and ALJ William F. Pope held a hearing on August 3, 2011. Tr. 12. The ALJ issued a decision on August 18,

---

[1] Carolyn W. Colvin became the Acting commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this lawsuit.

[2] Plowden originally alleged an onset date of August 18, 2008, but amended the date to August 30, 2009 at the ALJ hearing. See Tr. 32.

1

2011, finding that Plowden was not disabled under the Social Security Act. Tr. 12-19. Plowden requested Appeals Council review of the ALJ's decision. Tr. 7. The Appeals Council declined to review the decision, rendering the ALJ's decision the final action of the Commissioner. Tr. 1-5.

On September 7, 2012, Plowden filed a civil action seeking review of the ALJ's decision. The magistrate judge issued an R&R on October 29, 2013, recommending that this court affirm the ALJ's decision. R&R 27, ECF No. 16. Plowden filed objections to the R&R on November 14, 2013. The Commissioner responded to Plowden's objections on December 5, 2013.

### B.     Medical History

Plowden's medical history is not in dispute, and the court adopts the extensive and detailed medical history laid out by the magistrate judge. R&R 2-9. Below, the court provides only a brief summary of Plowden's medical history.

Plowden was diagnosed with fibromyalgia in June 2003. Plowden has complained to doctors of fatigue and severe musculoskeletal pain in various body parts since early 2008. Plowden used a variety of medications to treat her fibromyalgia with varying degrees of success. Additionally, x-rays performed in July 2009 showed degenerative changes in Plowden's hip and lower back. In May 2010, Plowden was diagnosed with leukocytoclastic vasculitis, which involves inflammation of the small blood vessels characterized by discolorations on the skin, and was treated with medication. That condition improved with medication.

### C.    Lay Witness Statement

In a letter dated August 25, 2009, Tammy Johnson, Plowden's work supervisor from 2003 until August 2009, stated that Plowden required assistance moving around the building and was limited to a small area within her immediate department. Tr. 125. Johnson also stated that Plowden could not function as her peers when it came to walking throughout the building, standing during meetings or fire drills, or other situations requiring extended physical exertion. Id. Johnson reported that on a few occasions, Plowden's pain was so severe and unpredictable that she needed to use a wheelchair and Johnson would call her husband to come pick her up. Id.

### D.    Plaintiff's Testimony

At the hearing before the ALJ, Plowden testified that she had severe pain 80 percent of the time and rated her pain at seven or eight out of ten. Tr. 36. She stated that she had pain over her entire body and that her left hip and right knee made it difficult for her to be up and about for extended periods of time. Id. She said that sitting for an extended period was also very uncomfortable and that, on a bad day, she could only sit for an hour at a time before she needed to lie down. Tr. 39-40.

### E.    ALJ's Decision

The ALJ employed the statutorily-required five-step sequential evaluation process to determine whether Plowden was disabled from August 18, 2008 through August 18, 2011. The ALJ first determined that Plowden did not engage in substantial gainful activity during the period at issue. Tr. 14. Second, the ALJ found that Plowden suffered from the following severe impairments: fibromyalgia, left hip pain, and degenerative changes at the L4-5 level. Id. At step three, the ALJ determined that Plowden's

combination of impairments did not meet or equal one of the listed impairments in the Agency's Listing of Impairments.  Tr. 15.

Before reaching the fourth step, the ALJ made an assessment that Plowden had the residual functional capacity ("RFC") to perform light work with several limitations. Tr. 15.  Specifically, the ALJ determined that Plowden could perform work with the following restrictions:  no lifting or carrying over 20 pounds occasionally and 10 pounds frequently; no standing and/or walking over four hours in and eight-hour workday; no crawling or climbing of ladders or scaffolds; and avoidance of hazards such as unprotected heights, vibration, and dangerous machinery.  Tr. 19.  At the fourth step, the ALJ found that Plowden could perform her past relevant work as a data entry clerk.  Id. Because Plowden could perform her past relevant work, the ALJ concluded she was not disabled during the period at issue.  Id.

## II.   STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made.  28 U.S.C. § 636(b)(1).  A party's failure to object is accepted as agreement with the conclusions of the magistrate judge.  See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).  The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court.  Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied."  Hays v. Sullivan, 907

4

F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id. Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted).

### III.  DISCUSSION

Plowden objects to the R&R on two grounds:  (1) the magistrate judge improperly determined that lay witness testimony merely repeated Plowden's testimony, even though the lay testimony preceded Plowden's testimony; and (2) the magistrate improperly determined that the ALJ need not consider lay witness statements. Both objections go towards whether the ALJ properly determined that Plowden is not disabled by pain, and in particular the ALJ's determination of Plowden's credibility.

Determining whether an individual is disabled by pain or other symptoms is a two-step process. First, an ALJ must determine whether a claimant has an underlying impairment that has been established by objective medical evidence that would reasonably be expected to cause subjective complaints of the severity and persistence alleged. See 20 C.F.R. §§ 404.1529(b), 416.929(b); SSR 96–7p; Craig, 76 F.3d 585, 591-96 (4th Cir. 1996) (discussing the regulation-based two-part test for evaluating pain). The first part of the test "does not . . . entail a determination of the intensity, persistence, or functionally limiting effect of the claimant's asserted pain." Craig, 76 F.3d at 594

5

(internal quotation omitted). Second, and only after claimant has satisfied the threshold inquiry, the ALJ is to evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work." Id. at 595. This second step requires the ALJ to consider the record as a whole, including both objective and subjective evidence, and SSR 96-7p cautions that a claimant's "statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence." SSR 96-7p.

If an ALJ rejects a claimant's testimony about her pain or physical condition, he must explain the bases for such rejection to ensure that the decision is sufficiently supported by substantial evidence. Hatcher v. Sec'y, Dep't of Health & Human Servs., 898 F.2d 21, 23 (4th Cir. 1989). "The reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision." SSR 96-7p. "The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." Id.

When considering whether an ALJ's credibility determinations are supported by substantial evidence, the court does not replace its own credibility assessments for those of the ALJ; rather, the court scrutinizes the evidence to determine if it is sufficient to support the ALJ's conclusions. Coleman v. Astrue, 2011 WL 3924187, at *15 (S.D. W. Va. Sept. 7, 2011). In reviewing the record for substantial evidence, the court does not re-weigh conflicting evidence, reach independent determinations as to credibility, or

6

substitute its own judgment for that of the Commissioner. Hays, 907 F.2d at 1456. Because the ALJ had the "opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984).

The ALJ found that Plowden's impairments could reasonably be expected to cause some of the symptoms she alleged, but determined that Plowden's testimony "concerning the intensity, persistence and limiting effects" of her symptoms was "not credible to the extent" her testimony was inconsistent with the ALJ's determination of her RFC. Tr. 16. Plowden argues that the ALJ erred in making this credibility determination by failing to consider Johnson's statement.

When making a pain and credibility assessment, an ALJ "must consider the entire case record, including . . . statements and other information provided by . . . other persons about the symptoms and how they affect the individual." SSR 96-7p (emphasis added). Other persons may include non-medical sources such as spouses, parents, caregivers, siblings, other relatives, friends, neighbors, and clergy. 20 C.F.R. § 404.1513(d). These lay witnesses "may provide [statements] about how the symptoms affect [a claimant's] activities of daily living and [her] ability to work . . . ." 20 C.F.R. § 404.1529(a).

The Commissioner does not dispute that the ALJ failed to discuss Johnson's testimony. Rather, the Commissioner argues that the ALJ's decision is supported by substantial evidence and that the failure to discuss Johnson's statement was harmless error. Def.'s Resp. to Pl.'s Objections 1; Def.'s Mem. in Supp. 16. The court agrees with the Commissioner.

Courts have applied a harmless error analysis to administrative decisions that do not fully comport with the procedural requirements of the agency's regulations, but for which remand "would be merely a waste of time and money." Jenkins v. Astrue, 2009 WL 1010870, at *4 (D. Kan. Apr. 14, 2009) (citing Kerner v. Celebrezze, 340 F.2d 736, 740 (2nd Cir. 1965)). In general, remand of a procedurally deficient decision is not necessary "absent a showing that the [complainant] has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses." Connor v. U.S. Civil Serv. Comm'n, 721 F.2d 1054, 1056 (6th Cir. 1983). "[P]rocedural improprieties alleged by [a claimant] will therefore constitute a basis for remand only if such improprieties would cast into doubt the existence of substantial evidence to support the ALJ's decision." Morris v. Bowen, 864 F.2d 333, 335 (5th Cir. 1988); see also Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result."). The Fourth Circuit has similarly applied the harmless error analysis in the context of Social Security disability determinations. See Morgan v. Barnhart, 142 Fed. App'x 716, 722-23 (4th Cir. 2005) (unpublished); Bishop v. Barnhart, 78 Fed. App'x 265, 268 (4th Cir. 2003) (unpublished); Camp v. Massanari, 22 Fed. App'x 311 (4th Cir. 2001) (unpublished).

The ALJ's failure to consider Johnson's testimony in determining Plowden's credibility did not comply with SSR 96-7p. However, that failure does not warrant remand. Plowden was not prejudiced by the procedural lapse because (1) the ALJ's decision was supported by substantial evidence, and (2) remanding to the ALJ with instructions to consider Johnson's statement would not lead to a different result.

8

First, the ALJ's decision is supported by substantial evidence. The ALJ thoroughly reviewed the evidence in determining that Plowden's statements concerning the intensity, persistence, and limiting effects of her symptoms were not credible. Tr. 16-19. The ALJ based this determination in part on objective medical evidence that failed to substantiate limitations to the degree Plowden alleged. Id.; see Johnson v. Barnhart, 434 F.3d 650, 658 (4th Cir. 2005) (finding ALJ could reject claimant's testimony because it was inconsistent with the objective medical evidence). The ALJ also observed that Plowden had gaps in treatment. Tr. 18; see Mickles v. Shalala, 29 F.3d 918, 930 (4th Cir. 1994) (finding ALJ did not err by considering inconsistency between plaintiff's level of treatment and her claims of disabling pain). The ALJ further noted that Plowden reported that she was helping to care for her elderly father who needed assistance with moving, bathing, and toileting. Tr. 18; see Tr. 194, 197. After considering all of this evidence, the ALJ concluded that Plowden's allegations of total inability to work were unsupported by the record. The court finds that the ALJ's decision is supported by substantial evidence.

Second, there is no indication that the ALJ would reach a different result on remand because Johnson's statement does not strongly corroborate Plowden's claim of total disability.[3] Even though Plowden asserts that Johnson's statement showed that she was "[unable] to meet the physical demands of even sedentary work," Pl.'s Objections 3, the magistrate judge notes that Johnson's statement does not speak to any difficulties or limitations Plowden experienced in actually performing her job. R&R 26. Rather,

---

[3] To the extent Johnson's statement does corroborate Plowden's claim of total disability, the same evidence that supports discounting Plowden's testimony also supports discounting Johnson's statement.

9

Johnson's testimony identified mobility-related difficulties in only certain circumstances, such as standing during meetings and fire drills. Tr. 125. As the magistrate judge explained, there is no indication that these difficulties interfered with her day-to-day ability to perform a sedentary job. Additionally, the statement provides that Plowden's pain was severe enough for her to leave work only on "a few occasions" over a six-year period. Id. Nothing in Johnson's statement suggests that the ALJ would have reached a contrary decision regarding Plowden's credibility had he discussed Johnson's statement.

      The magistrate judge concluded that there is substantial evidence in the record to support the ALJ's finding that Plowden is not credible in her assertions of total disability. R&R 26. The court agrees. Fieldcrest Cannon, Inc. v. NLRB, 97 F.3d 65, 70 (4th Cir. 1996) (stating that an administrative finding may be upheld even in the face of error committed if "the record adequately supports the administrative law judge's . . . determination"). Additionally, the ALJ's failure to consider Johnson's statement does not cast into doubt the existence of substantial evidence because the ALJ would have reached the same conclusion even considering Johnson's statement. See Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir. 1994) (affirming denial of Social Security benefits where the ALJ erred in pain evaluation because "he would have reached the same result notwithstanding his initial error"); Austin v. Astrue, 2007 WL 3070601, *6 (W.D. Va. Oct. 18, 2007) (holding that "[e]rrors are harmless in Social Security cases when it is inconceivable that a different administrative conclusion would have been reached absent the error"). The ALJ's credibility determination is supported by substantial evidence and the court will not substitute its judgment for that of the ALJ.

## IV.   CONCLUSION

Based on the foregoing, the court **ADOPTS** the magistrate judge's R&R and **AFFIRMS** the Commissioner's decision.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**January 6, 2014**
**Charleston, South Carolina**